**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-mj-02035DPR |
| VIRGINIA SANCHEZ, | |
| Defendant. | |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by Teresa A. Moore, Acting United States Attorney for the Western District of Missouri, and Cameron A. Beaver, Special Assistant United States Attorney, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the safety of other persons and the community and the appearance of the defendant. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of possession, with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections and 841(a)(1) and (b)(1)(A).

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged by criminal complaint with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), a crime for which the possible term of imprisonment is not less than 10 years and not more than life imprisonment.

Accordingly, upon a showing that there exists probable cause that the defendant committed the offense referred to in the criminal complaint, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Additionally, Sections 3142(e) and (f)(1) provide a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act, as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744.

Title 18, United States Code, Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will reasonably assure the safety of

the community. These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the defendant, including his criminal history; and (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Tortora,* 922 F.2d 880, 885-86 (1st Cir.1990). Danger to the community does not only refer to physical violence, but can apply to any likely conduct that will hurt the community, including the potential of continued criminal activity. *See United States v. Tortora,* 922 F.2d 880 (1st Cir.1990).

On May 29, 2021, Missouri State Highway Patrol (MSHP) Corporal T.A. Barrett conducted a traffic stop on a 2021 Nissan Frontier for traveling in excess of the speed limit. The defendant was identified as the driver of the vehicle.

Upon response to the vehicle, Corporal Barrett observed an old, rusty wheel and tire in the bed of the Nissan Frontier. Corporal Barrett requested permission from the defendant to inspect the wheel and tire and the defendant granted permission. Corporal Barrett requested the defendant follow him to Troop D Headquarters and the defendant agreed to do so. At Troop D Headquarters, Corporal Barrett utilized a handheld X-ray device and it revealed what appeared to be bundles of an unknown material packed inside the tire. MSHP Canine James was then deployed and positively alerted on the wheel and tire.

A MSHP Troop D mechanic responded and removed the tire from the wheel. Inside the tire were 64 bundles. MSHP Sergeant Jamie Musche cut open one of the bundles and utilized a Nartec field test kit to perform a field test on the substance. The results of the field test indicated a positive response for methamphetamine. The plastic bags were weighed and had a combined field weight of approximately 64 pounds.

During a post-*Miranda* interview, the defendant admitted she was transporting the wheel

3

and tire from California to St. Louis, Missouri. According to the defendant, she does not know the names of the individuals who put the wheel and tire in her vehicle or the individual who would have received it in St. Louis, Missouri. She claimed she was directed to park in "The Parking Spot," (a park and pay lot) near the Lambert International Airport in St. Louis, Missouri, and someone would meet her and take the wheel and tire. The defendant allowed me to look into her cellular telephone. In her telephone, I observed location data that indicated she had been to "The Parking Spot" on at least one previous occasion in May 2021. The defendant also admitted the person told her she would "be taken care of," and she interpreted that to mean she would receive money for transporting the wheel and tire.

Additionally, according to Department of Homeland Security Investigations (HSI), the defendant has numerous crossings between Mexico and the United States in the last five years, including as recently as May 25, 2021, approximately four days prior to the stop and arrest in the instant case, when she used the United States Customs crossing at San Ysidro, near San Diego, California.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

    Respectfully submitted,

    TERESA A. MOORE
    Acting United States Attorney

By    */s/ Cameron A. Beaver*
    Cameron A. Beaver
    Special Assistant United States Attorney
    Missouri Bar No. 67947
    901 St. Louis Street, Suite 500
    Springfield, Missouri 65806-2511

**Certificate of Service**

       The undersigned hereby certifies that a copy of the foregoing was delivered on June 4, 2021, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                              */s/ Cameron A. Beaver*
                                              Cameron A. Beaver
                                              Special Assistant United States Attorney